```
        IN THE UNITED STATES DISTRICT COURT
      FOR THE EASTERN DISTRICT OF PENNSYLVANIA

THOMAS MCEACHIN                 :      CIVIL ACTION
                                :
        v.                      :
                                :
DEPARTMENT OF CORRECTIONS,      :
et al.                          :      NO. 02-4691
```

**O R D E R**

AND NOW, this        day of April, 2003, having considered the petitioner's mandamus petition and his motion to proceed in forma pauperis, and the Court lacking subject matter jurisdiction over this civil action,[1] it is hereby ordered that:

    1. The petitioner's motion to proceed in forma pauperis in this mandamus action is GRANTED;

    2. The mandamus petition filed in this case is DISMISSED for lack of subject matter jurisdiction;

    3. The petitioner is granted leave to file an amendment to this action, within thirty (30) days from the date of this order, in which he restates his claims as a 42 U.S.C. § 1983 civil rights action and files a new motion to proceed in forma pauperis. The Clerk of Court shall furnish the petitioner with the appropriate forms and instructions;

---

1. Because the respondents in this action are the Pennsylvania Department of Corrections and three Commonwealth employees, the federal mandamus statute, 28 U.S.C. § 1361, affords the petitioner no relief. This statute grants federal courts "jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the petitioner." Likewise, 28 U.S.C. § 1651 affords no relief. This statute authorizes the federal courts to "issue all writs necessary or appropriate in aid of their respective jurisdictions . . ." Neither statute confers jurisdiction in mandamus actions over the Commonwealth, its agencies, or its employees.

      4.   Pursuant to 28 U.S.C. § 1915(a), in order to proceed in forma pauperis in a civil rights action, the petitioner must also provide a certified copy of his inmate trust fund account statement for his period of confinement in any correctional facility during the six-month period prior to the receipt of his civil action in this Court on July 15, 2002 (January 15, 2002 to July 15, 2002);

      5.   The Clerk of Court shall CLOSE this case statistically; and

      6.   Service of the petitioner's amended complaint shall NOT be made unless so ordered by the Court.

**BY THE COURT:**

_____
**EDUARDO C. ROBRENO, J.**