IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| THOMAS MCEACHIN, | : | CIVIL ACTION |
| Plaintiff | : | |
| v. | : | |
| JEFFREY BEARD, et al., | : | |
| Defendants | : | No. 02-04691 |

**ORDER**

AND NOW, this      day of            2004, upon consideration of plaintiff Thomas McEachin's "Rule 56(f) Motion to Postpone Consideration of Defendant's Motion for Summary Judgment," and the Commonwealth defendants' response thereto, it is hereby ORDERED that Plaintiff shall file his response to the Commonwealth defendants' motion for summary judgment within 20 days from the date of this order. Plaintiff's motion is otherwise DENIED.

BY THE COURT:

_____
EDUARDO C. ROBRENO,    J.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| THOMAS MCEACHIN, | : | CIVIL ACTION |
| Plaintiff | : | |
| v. | : | |
| JEFFREY BEARD, et al., | : | |
| Defendants | : | No. 02-04691 |

**COMMONWEALTH DEFENDANTS' RESPONSE TO "PLAINTIFF'S RULE 56(f) MOTION TO POSTPONE CONSIDERATION OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT"**

Defendants Jeffrey A. Beard, Leslie Hatcher and Sergeant Swenski (collectively, "the Commonwealth defendants") hereby respond to plaintiff Thomas McEachin's motion titled "Plaintiff's Rule 56(f) Motion to Postpone Consideration of Defendant's Motion for Summary Judgment." Plaintiff's motion should be granted in part and denied in part for all the reasons set forth in the attached memorandum of law, incorporated herein by reference.

WHEREFORE, Plaintiff's motion should be generally denied, although the Commonwealth defendants are not opposed to the granting of a brief extension of time for Plaintiff's response to the Commonwealth defendants' pending motion for Summary Judgment.

GERALD J. PAPPERT
ATTORNEY GENERAL

BY:   s/ Kevin Bradford
Kevin R. Bradford
Deputy Attorney General
Identification No. 88576

                                                            Susan J. Forney
                                                            Chief Deputy Attorney General
                                                            Chief, Litigation Section

OFFICE OF ATTORNEY GENERAL
21 South 12th Street, 3rd Floor
Philadelphia, PA 19107
Telephone: (215) 560-2262

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| THOMAS MCEACHIN, | : | CIVIL ACTION |
| | : | |
| Plaintiff | : | |
| | : | |
| v. | : | |
| | : | |
| JEFFREY BEARD, et al., | : | |
| | : | |
| Defendants | : | No. 02-04691 |

**MEMORANDUM OF LAW IN SUPPORT OF COMMONWEALTH DEFENDANTS'
RESPONSE TO "PLAINTIFF'S RULE 56(f) MOTION TO POSTPONE
CONSIDERATION OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT"**

**I.   INTRODUCTION**

Plaintiff, Thomas McEachin, an inmate currently incarcerated at the State Correctional Institution at Albion, commenced this action pursuant to 42 U.S.C. § 1983. Plaintiff named as defendants Jeffrey A. Beard, Leslie Hatcher and Sergeant Swenski (collectively, "the Commonwealth defendants"). His claims are based upon the alleged wrongful confiscation of a $30.00 watch and some toiletries. A brief synopsis of the latest events in this case, which will explain the context of Plaintiff's instant motion, is as follows:

The Commonwealth defendants filed a motion for summary judgment in this matter on January 15, 2004, thereby complying with the Court's November 18, 2003 scheduling order setting January 19, 2004 as the deadline for the filing of any such motions. Under Local Rule 7.1(c) and Fed.R.Civ.P. 6, Plaintiff had 17 days, until February1, 2004, to respond. To date Plaintiff has still not responded to this pending summary judgment motion.

The Court's November 18, 2003 scheduling order followed a teleconference held on the same day in which Plaintiff participated. Although the order did not explicitly provide a

discovery deadline, the obvious implication from the January 19, 2004 summary judgment deadline was that discovery should be completed by that date. However, Plaintiff requested absolutely no discovery prior to that date and provided no reason for his failure to do so.

On or about February 6, 2004, a date which was not only past the summary judgment deadline, but beyond the permissible time in which to respond to such a motion, undersigned counsel received Plaintiff's first request for the production of various documents and information. This initial request was dated January 31, 2004. Also on February 6, 2004, Plaintiff filed a motion requesting an extension of time for his response to the Commonwealth defendants' motion for summary judgment claiming he needed more time for discovery, since he had conducted none up to that point. On February 9, 2004, the Court granted Plaintiff's motion for an extension, setting the new deadline for Plaintiff's response to the Commonwealth defendants' summary judgment motion at April 2, 2004.

On February 20, 2004, undersigned counsel mailed Plaintiff the Commonwealth defendants' responses and objections to his first discovery request, along with copies of numerous documents requested.

On March 10, 2004, undersigned counsel received another request for documents and information from Plaintiff, which was almost identical to the initial request. On this same date, undersigned counsel mailed a letter to Plaintiff explaining that the Commonwealth defendants' responses and objections had already been sent to Plaintiff the previous month. Enclosed with this letter was a complete copy of this initial response.

Plaintiff has now filed a motion titled as a request for a (second) extension of time in which to respond to the Commonwealth defendants' still pending summary judgment motion, citing Rule 56(f) as the authority for the motion. In this motion Plaintiff acknowledges that he

has received a response to his discovery request, but, for the first time to undersigned counsel's knowledge, expresses dissatisfaction with the fact that some of his 12 discovery requests were objected to.

## II.     ARGUMENT

Although Plaintiff's motion is titled, "Rule 56(f) Motion to Postpone Consideration of Defendant's [sic] Motion for Summary Judgment," this filing would be more accurately referred to as a motion to compel, combined with a (second) motion to extend the time to respond to the Commonwealth defendants' motion for summary judgment.  This is evident by the reasons cited for the extension, which are based exclusively upon Plaintiff's unhappiness with the Commonwealth defendants' responses and objections to Plaintiff's discovery request. A party cannot claim the right to an extension of time under Rule 56(f) by alleging that the opposing party has not cooperated with discovery requests.  11 Moore's Federal Practice, § 56.10[8][a] (Matthew Bender 3d ed.) (*citing* Reyes v. Wilson Mem. Hosp., 102 F.Supp.2d 798, 826 (S.D.Ohio 1998)).

A party filing a motion pursuant to Rule 56(f) is seeking the opportunity to conduct *additional* discovery in order to respond to a summary judgment motion, such as responses to *unanswered* discovery requests.  See Sames v. Gable, 732 F.2d 49, 51-52 (3d Cir. 1984) (emphasis added).  Plaintiff here does not seek additional discovery.  He has made a discovery request which has been answered, twice.  Plaintiff's instant motion merely addresses his dissatisfaction with the results of this already conducted discovery.

Therefore, the Commonwealth defendants will treat the instant motion of the Plaintiff, who is acting pro se, as a combination of a motion to compel and a (second) motion to extend the time for response to the Commonwealth defendants' motion for summary judgment.

Despite the fact that the Commonwealth defendants do not want to further prolong this frivolous lawsuit and despite the fact that Plaintiff waited until after the summary judgment deadline to even commence discovery and has already been granted a lengthy extension, the Commonwealth defendants are not opposed to the Court's granting of a second, final brief extension for Plaintiff to respond to the Commonwealth defendants' motion for summary judgment.

Regarding Plaintiff's motion to compel, it should initially be noted that he has not complied with discovery rules promulgated by the Court's June 27, 2003 order which he references in all of his discovery submissions. This order specifically directs Plaintiff to attempt to make reasonable efforts to resolve discovery disputes by communicating with opposing counsel. (Jun. 27, 2003 Order, ¶ 7.) There has been no attempt by the Plaintiff to resolve the discovery issues addressed in the instant motion. Plaintiff has demanded an inordinate amount of documents and information, received the Commonwealth defendants' response, and then simply filed the instant motion. Undersigned counsel was unaware of any dispute until this motion was filed.

The instant motion accurately notes that Plaintiff has requested 12 items from the Commonwealth defendants and that he has not received everything requested. His two almost identical discovery requests, copies of which appear to have been submitted to the Court at the time they were mailed, are attached as Exhibits D-1 and D-2. The responses and objections of the Commonwealth defendants to these requests were twice sent to Plaintiff, but have not yet been submitted to the Court, in accordance with Local Rule 26.1(a) and the Court's June 27, 2003 order. The Commonwealth defendants' responses and objections are hereby attached as Exhibit D-3.

Plaintiff's instant motion does not provide any reason why each of the Commonwealth defendants' objections, each of which is supported by extensive and valid explanations, should be overruled. Plaintiff simply avers that he needs every document and bit of information requested in order to respond to the Commonwealth defendants' pending summary judgment motion. The Commonwealth defendants' responses and objections are explained in detail below.

### A. Pennsylvania Department of Corrections Policies (Pl. Doc. Req. ¶¶ 1-7)

The Commonwealth defendants have already complied with 4 of Plaintiff's 12 requests. Specifically, Plaintiff was mailed copies of the following Pennsylvania Department of Corrections ("DOC") policies and applicable amendments:

- DC-ADM 203 (effective date July 10, 2000), 1 amendment
- DC-ADM 801 (effective date Apr. 17, 2000), 3 amendments
- DC-ADM 804 (effective date Jan. 1, 2001)
- DC-ADM 815 (effective date Oct. 15, 1996), 11 amendments

(Defs. Resp. to Pl. Doc. Req., Exh. D-3 ¶¶ 4-6.) These documents were provided despite the fact that they were all readily available to Plaintiff through a variety of sources. (Id.)

Plaintiff correctly observes that the version of DC-ADM 815 is not the one requested. As clearly explained to Plaintiff (Id. at ¶ 7), research by undersigned counseled determined that there is no version of this policy with an effective date of April 2, 2001. Therefore Plaintiff was provided with a copy of the version in effect at the time of the complained-of incident, the only version potentially relevant to his claims.

Plaintiff also requested three internal DOC policies concerning the handling of contraband and inmate property, which were not provided. As explained by the Commonwealth

defendants, these documents are sensitive in nature due to security concerns and are unrelated to any of Plaintiff's claims or the Commonwealth defendants' defenses. As explained in the Commonwealth defendants' motion for summary judgment, whether or not the Commonwealth defendants have followed the DOC's own policies is of no constitutional significance. However, in the interest of expediting this matter, the requested policies are attached to this motion as Exhibits D-4, D-5, and D-6, and hereby are provided to Plaintiff.[1]

### B.  DOC Manuals Addressing Procedure and Training (Pl. Doc. Req. ¶¶ 8-9)

Plaintiff has requested the procedure manuals for all of the aforementioned policies and all procedure and training manuals for "Guards" and "Hearing Examiners." (Pl. Doc. Req., Exh. D-1, D-2 ¶¶ 8-9.) Plaintiff's seeks all versions of these documents in effect from 2000 to 2004. (Id.) The Commonwealth defendants have objected to and continue to object to this request on the numerous grounds provided in their response to this request. (Defs. Resp. to Pl. Doc. Req., Exh. D-3 ¶¶ 8-9.)

The DOC procedure manuals address the internal operating procedure of DOC institutions. The dissemination of these materials to inmates poses serious security concerns and would cause significant interference with the proper operation of these institutions. Therefore these documents are considered confidential and therefore privileged. Furthermore these documents are unrelated to any of Plaintiff's claims or the Commonwealth defendants' defenses. As noted above and in the Commonwealth defendants' motion for Summary Judgment, whether or not the Commonwealth defendants have followed the DOC's own policies or procedures is of

---

[1] DOC Policies 6.3.7 (Exh. D-5) and 6.8.2 (Exh. D-6) are no longer active. The subject matters covered by those polices are now deemed addressed by the general Institution Security Policy 6.3.1 (Exh. D-4).

no constitutional significance.  Additionally, this request, which encompasses thousands of pages, would be unduly burdensome for the Commonwealth defendants to produce.

Aside from the aforementioned factors supporting the Commonwealth defendants' objections, the Court should also consider the proportionality of the request.  As Fed.R.Civ.P. 26(b)(2) explains, otherwise discoverable material may be restricted where the burden or expense of the proposed discovery outweighs its likely benefit.  Considerations include the amount in controversy and the importance of the proposed discovery in resolving the issues.  Fed.R.Civ.P. 26(b)(2).  The amount in controversy in this § 1983 claim is a $30.00 watch and the cost of some toiletries.  As noted, the documents requested are numerous and unrelated to this claim.  Clearly the burden and cost of producing these documents, that are extraneous to Plaintiff's minor claim, outweigh any possible benefit.

For all of the aforementioned reasons, the Commonwealth defendants' objection to the production of all DOC procedure and training manuals should be sustained.

**C. Information/Documents Related to the Commonwealth Defendants' Past Lawsuits and Criminal Charges (Pl. Doc. Req. ¶ 10)**

Plaintiff has requested "information" pertaining to any and all past lawsuits brought against any of the Commonwealth defendants.  (Pl. Doc. Req., Exh. D-1, D-2 ¶ 10.)  Plaintiff also asks that this "information" include any criminal charges brought against any of the Commonwealth defendants.  (Id.)  The Commonwealth defendants have objected to and continue to object to this request on the numerous grounds provided in their response to this request.  (Defs. Resp. to Pl. Doc. Req., Exh. D-3 ¶ 10.)

This request is overbroad and unduly burdensome to comply with.  Given the litigious nature of many inmates and the fact that the Commonwealth defendants are all DOC employees, they have been named in countless lawsuits.  In particular, defendant Beard, as the head of the

DOC, and defendant Hatcher, as the ex-grievance coordinator[2] of the largest prison in the Commonwealth, have been sued and continue to be sued by inmates on a regular basis. Simply compiling a list of the captions of these lawsuits would be overly burdensome. Plaintiff is also requesting a summary of each suit, including the final disposition.

Plaintiff's request for information on these civil suits also objected to because it is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Prior bad acts are generally inadmissible at trial. F.R.E. 608(b). The fact that someone was simply named in a past unrelated lawsuit has no probative value and would therefore not be admissible evidence.

Plaintiff's request for information on any possible criminal charges is objected to because this information is unrelated to any of the instant claims or defenses and is therefore irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. An arrest alone has no probative value and would not be admissible at trial. There is no allegation that any of the Commonwealth defendants were arrested as a result of the complained of incident. Any request regarding their criminal history (if any) would serve only to harass and/or embarrass these individuals and has nothing to do with the alleged unconstitutional taking of Plaintiff's watch and toiletries.

The Commonwealth defendants' objections are even more meritorious when the proportionality of the request is considered, as mandated by Rule 26(b)(2). The instant lawsuit involves a $30.00 watch and some toiletries. Compliance with Plaintiff's request would be extremely burdensome and costly in comparison. Furthermore the requested information will in no way assist in resolving Plaintiff's claims.

---

[2] In March 2004 defendant Hatcher accepted a new position within the DOC.

For all of the aforementioned reasons, the Commonwealth defendants' objection to this discovery request should be sustained.

D. **Information/Documents Related to Inmate Grievances against the Commonwealth Defendants, Staff Complaints against the Commonwealth Defendants, and Work Evaluations of the Commonwealth Defendants (Pl. Doc. Req. ¶ 11)**

Plaintiff has also requested information/documents related to inmate grievances against the Commonwealth defendants, staff complaints against the Commonwealth defendants, and work evaluations of the Commonwealth defendants. (Pl. Doc. Req., Exh. D-1, D-2 ¶ 11.) The Commonwealth defendants have objected to and continue to object to this request on the numerous grounds provided in their response to this request. (Defs. Resp. to Pl. Doc. Req., Exh. D-3 ¶ 11.)

It should initially be noted that two copies of the one grievance relevant to the instant matter, grievance number 10106, are attached to the Commonwealth defendants' motion for summary judgment which was mailed to Plaintiff.[3] (Def. Mot. Summ. J. at Exh. D-2, Att. Exh. 10; Exh. D-3, Att. B.) The Commonwealth defendants are not opposed to the production of any other grievances submitted by Plaintiff related to the complained of incident. Plaintiff should identify such grievances by number and/or date submitted.

As this request currently stands, Plaintiff is asking for an exorbitant amount of information. Inmates throughout the DOC regularly file grievances against DOC employees for a variety of reasons. These grievances do not include a section which defines who it is filed "against." To go through all grievances throughout the DOC and then search them for names of the Commonwealth defendants is an insurmountable task.

---

[3] To date, Plaintiff has yet to allege that he never received a copy of the Commonwealth defendants' motion for summary judgment.

Another concern is the privacy rights of those named in these documents requested. The grievances involve the concerns of inmates who may not want the content of the grievance disseminated to other inmates. Furthermore, the Commonwealth defendants have a strong privacy interest in their personnel files. Plaintiff's request has no relation to his claims and would serve only to harass and/or embarrass these individuals.

Plaintiff's request is also objected to because information on staff complaints and work evaluations related to the Commonwealth defendants is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. It is inconceivable how this information relates to the alleged taking of Plaintiff's watch and toiletries. Prior bad acts are generally inadmissible at trial. F.R.E. 608(b).

The Commonwealth defendants' objections are even more meritorious when the proportionality of the request is considered, as mandated by Rule 26(b)(2). The instant lawsuit involves a $30.00 watch and some toiletries. Compliance with Plaintiff's request would be extremely burdensome and costly in comparison. Furthermore the requested information will in no way assist in resolving Plaintiff's claims.

For all of the aforementioned reasons, the Commonwealth defendants' objection to this discovery request should be sustained.

E.  **Summary of all misconduct reports issued by defendant Swenski (Pl. Doc. Req. ¶ 12)**

Plaintiff requests a summary of all misconducts issued by defendant Swenski, including a summary of the final dispositions. (Pl. Doc. Req., Exh. D-1, D-2 ¶ 12.) The Commonwealth defendants have objected to and continue to object to this request on the numerous grounds provided in their response to this request. (Defs. Resp. to Pl. Doc. Req., Exh. D-3 ¶ 12.)

Plaintiff is already in possession of a copy of the misconduct issued to Plaintiff by defendant Swenski, as it was attached to the Commonwealth defendants' motion for summary judgment. (*See* Def. Mot. Summ. J. at Exh. D-1, Att. Exh. 1). If defendant Swenski issued Plaintiff another misconduct related to the alleged taking of his watch and toiletries, the Commonwealth defendants will provide a copy of such a document upon Plaintiff's identification of the misconduct by number and/or date.

As this request currently stands, it is incredibly broad and involves information that is irrelevant to the instant matter and therefore not reasonably calculated to lead to the discovery of admissible evidence. Additionally, Plaintiff's request for misconduct reports involving inmates other than himself not only is irrelevant to the instant lawsuit, but also would raise privacy issues relating to those other inmates, who may not want such information furnished to other inmates.

The Commonwealth defendants' objections are even more meritorious when the proportionality of the request is considered, as mandated by Rule 26(b)(2). The instant lawsuit involves a $30.00 watch and some toiletries. Compliance with Plaintiff's request would be extremely burdensome and costly in comparison. Furthermore the requested information will in no way assist in resolving Plaintiff's claims.

For all of the aforementioned reasons, the Commonwealth defendants' objection to this discovery request should be sustained.

## III.  CONCLUSION

Based on the foregoing, to the extent that Plaintiff's motion is a motion to compel, it should be denied. The Commonwealth defendants are not opposed to the Court's granting of a second brief extension of time for Plaintiff's response to the Commonwealth defendants' pending motion for Summary Judgment.

                          GERALD J. PAPPERT
                          ATTORNEY GENERAL

BY:    <u>s/ Kevin Bradford</u>
        Kevin R. Bradford
        Deputy Attorney General
        Identification No. 88576

        Susan J. Forney
        Chief Deputy Attorney General
        Chief, Litigation Section

OFFICE OF ATTORNEY GENERAL
21 South 12th Street, 3rd Floor
Philadelphia, PA 19107
Telephone: (215) 560-2262

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| THOMAS MCEACHIN, | : | CIVIL ACTION |
| Plaintiff | : | |
| v. | : | |
| JEFFREY BEARD, et al., | : | |
| Defendants | : | No. 02-04691 |

### CERTIFICATE OF SERVICE

    I, Kevin R. Bradford, Deputy Attorney General, hereby certify that the within Response in Opposition to Plaintiff's Rule 56(f) Motion was electronically filed on April 2, 2004 and is available for viewing and downloading from the ECF system at https://ecf.paed.uscourts.gov/.

    I further certify that on the above date a true and correct copy of this document was mailed, by first class mail, postage prepaid to:

Thomas McEachin, # AY-8032
State Correctional Institute
 at Albion
10745, Route 18
Albion, PA 16401

                                          GERALD J. PAPPERT
                                          ATTORNEY GENERAL

                          BY:    s/ Kevin Bradford
                                        Kevin R. Bradford
                                        Deputy Attorney General
                                        Identification No. 88576

                                        Susan J. Forney
                                        Chief Deputy Attorney General
                                        Chief, Litigation Section

OFFICE OF ATTORNEY GENERAL
21 South 12th Street, 3rd Floor
Philadelphia, PA 19107
Telephone: (215) 560-2262