IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

THOMAS MCEACHIN,                    :          CIVIL ACTION
                                    :          NO. 02-4691
          Plaintiff,                :
                                    :
          v.                        :
                                    :
JEFFREY BEARD, ET AL.,              :
                                    :
          Defendants.               :


M E M O R A N D U M

EDUARDO C. ROBRENO, J.                          MAY      , 2004


          Pro se plaintiff Thomas McEachin, an inmate at the

State Correctional Institution at Albion, PA ("plaintiff"),

brings this 42 U.S.C. § 1983 ("section 1983") action against

Jeffrey A. Beard, Secretary of the Pennsylvania Dep't of

Corrections (the "DOC"), Leslie Hatcher, Grievance Coordinator of

the State Correctional Institute at Graterford ("SCI Graterford")

and Sergeant Joseph Swenski of the State Correctional Institute

at Camp Hill ("SCI Camp Hill").[1]  The complaint alleges that

plaintiff's Fourteenth, Fifth and First Amendment rights were

violated when his watch was confiscated from him while he was

being transferred from one correctional facility to another.

Specifically, plaintiff contends that his watch was never

_____

          [1] Collectively, these individuals are referred to as
"defendants."

-1-

returned to him and that his "due process equal protection rights" were violated when he was denied access to the procedures set in place for filing a grievance.  The complaint further alleges that, on a separate occasion, plaintiff's Fifth and Fourteenth Amendment rights were violated when other personal property belonging to the plaintiff was confiscated from his prison cell without a prior hearing.  The relief that plaintiff seeks is the return of his watch and personal property or monetary damages in the amount of $200.

Presently before the Court is defendants' motion for summary judgment and plaintiff's motion to postpone consideration of defendants' motion for summary judgment and to compel additional discovery pursuant to Fed. R. Civ. P. Rule 56(f).  For the reasons that follow, defendants' motion is granted and plaintiff's motion is denied.

I.    BACKGROUND

A.    The First Incident: Plaintiff's Watch.

On September 5, 2001, plaintiff's Casio watch and other personal effects were confiscated as he was being transferred from SCI Graterford to SCI Waymart.[2]  The prison staff member who took the watch filled out a confiscation slip, but did not

---

[2]    According to plaintiff, the value of the watch is approximately $30.

provide it to the plaintiff at the time of the confiscation.  At
some point later in time, plaintiff was transferred from SCI
Waymart to SCI Camp Hill.  The confiscation slip and most of
plaintiff's property was returned to the plaintiff on November
15, 2001, while he was at SCI Camp Hill, but plaintiff's watch
was not returned.  Plaintiff wrote a letter to the Deputy of
Security at SCI Graterford about the missing watch and after
receiving no response, filed a grievance with defendant Leslie
Hatcher, the Grievance Coordinator at SCI Graterford, on December
17, 2001.  The grievance was assigned number 10106.

On December 20, 2001, Hatcher returned the grievance to
plaintiff as untimely without taking any action on the merits.[3]
Plaintiff then appealed Hatcher's decision to the Secretary of
Inmate Grievances and Appeals on January 9, 2002.  By letter on
January 11, 2002, the Secretary's office informed plaintiff that
no action would be taken because plaintiff's appeal was
incomplete for failure to comply with the established DOC
procedures.[4]  This letter explained that pursuant to DOC policy,

[3]    According to DC-ADM 804(VI)(A)(1)(e), effective January
1, 2001, established by the DOC, an inmate must file a grievance
with the Facility Grievance Coordinator for initial review within
fifteen working days after the events upon which the claims are
based.

[4]    Upon receipt of the initial review decision from the
Grievance Officer, the inmate, if dissatisfied with the decision,
is given the opportunity to appeal the initial review decision to
the Facility Manager in writing within five working days from the
date of the receipt of the initial decision.  See DC-ADM

-3-

an appeal to the Secretary's Office of Inmate Grievances and Appeals requires proper documentation of the grievance itself, the initial response, the appeal to the institution's superintendent, and the superintendent's response.[5] The letter also indicated that any further correspondence regarding grievance number 10106, which did not include these mandatory documents, would result in dismissal of the grievance.[6]

Despite this instruction, plaintiff did not appeal the grievance and, on February 3, 2002, wrote a letter to the DOC Secretary, Defendant Beard, about the same grievance.

B.    The Second Incident: Confiscation of Contraband.

In addition to the watch incident, plaintiff complains of an incident which occurred on November 17, 2001 in which his property was confiscated by defendant Sergeant Swenski without a prior hearing.  Sergeant Swenski entered plaintiff's cell on

804(VI)(C)(1)(a)&(b).  Instead of appealing to the Facility Manager, plaintiff appealed to the Secretary.

[5]    A final appeal to the Secretary's Office of Inmate Grievances and Appeals may be taken, but only after the inmate has received a decision from the Facility Manager. DC-ADM 804(VI)(D)(1)(a).  The policy states that an appeal at this level will not be permitted until the inmate has complied with all the procedures established for the initial review and the appeal to the Facility Manager. DC-ADM 804(VI)(D)(1)(c).

[6]    If plaintiff did not follow the established DOC grievance procedure, this failure would provide the Court with a basis for dismissing plaintiff's claims for failure to exhaust administrative remedies.  However, the Court need not address this issue because summary judgment is proper on other grounds.

-4-

November 17, 2001 and demanded that plaintiff put away personal effects, recently purchased by plaintiff, in boxes so that they could be confiscated. Prison policy mandated that all personal effects be stored in only one foot locker and any additional property not capable of storage in the single footlocker was considered contraband. Despite plaintiff's objections, the excess property was confiscated by Sergeant Swenski. As documentation, plaintiff received a confiscation receipt from Sergeant Swenski describing each of the items confiscated.

A formal misconduct hearing was held on November 27, 2001. After reviewing the written version of the November 17, 2001 incident and listening to plaintiff's testimony, the hearing examiner found plaintiff guilty of contraband possession. As punishment, plaintiff received a reprimand and a warning. On appeal, the Program Review Committee (PRC) upheld the hearing examiner's decision.

Plaintiff filed additional appeals, first to Martin Dragovich, the Superintendent of SCI Camp Hill and then to Robert Bitner of the DOC's Office of the Chief Hearing Examiner. At each level, the decisionmaker upheld the lower level decisions. These appeals were taken in connection with the disposition of the misconduct hearing only. No formal grievance in connection

with the confiscation of his plaintiff's property was filed.[7]

    C.   <u>Discussion.</u>

        1.   <u>Plaintiff's Rule 56(f) Motion.</u>

        Plaintiff seeks to postpone the Court's consideration of defendants' timely filed motion for summary judgment.  In plaintiff's view, postponement is necessary to allow the parties to resolve an outstanding discovery dispute.  Although motions for summary judgment were due, by Court order, on January 15, 2004, plaintiff made his discovery request to defendants on January 31, 2004.  The discovery dispute centers on the fact that defendants provided plaintiff with only four of the twelve items of documentation requested by plaintiff.  Of the twelve items requested by plaintiff, nine relate to prison policies and procedures concerning property handling, contraband handling, facility security, searches of inmate cells, the prison grievance system, inmate discipline, and procedures followed by hearing examiners.  Three relate to past lawsuits, grievances, and misconduct reports involving the named defendants.

        As described in greater detail below, the existence of

---

    [7]    Again, plaintiff's failure to file a grievance concerning the deprivation of his property would provide an additional basis for granting summary judgment against plaintiff for failure to exhaust administrative remedies.  <u>See, e.g.</u>, <u>Benjamin v. Goord</u>, 2002 WL 1586880, at **2 (S.D.N.Y. July 17, 2002)("Exhausting appeals of a disciplinary hearing determination does not constitute exhausting administrative remedies for his grievance, even if the underlying facts are the same.")

post-deprivation grievance procedures made available to plaintiff
by prison officials, a fact which is not contested, forecloses
plaintiff's due process claim.  Thus, the Court finds that the
additional discovery requested by plaintiff would not advance his
due process claim because the requested documents would, at most,
establish what the specific details of the policies and
procedures were for filing inmate grievances, and <u>not</u> whether
actions undertaken by defendants denied plaintiff, in the two
instances in which plaintiff complains, access to the existing
grievance procedures.[8]

  Similarly, additional discovery would not advance
plaintiff's First Amendment claim.  Plaintiff's First Amendment
right to file a grievance may be infringed when prison officials
punish plaintiff or retaliate against plaintiff in response to
his utilization of the grievance procedures.  <u>See, e.g.</u>, <u>Bruce v.
Ylst</u>, 351 F.3d 1283, 1288 (9th Cir. 2003); <u>Smith v. Maschner</u>, 899
F.2d 940, 947 (10th Cir. 1990); <u>Adams v. James</u>, 784 F.2d 1077,
1082 (11th Cir. 1986).  The discovery requested by plaintiff has
no bearing on the actions defendants took, if any, to punish or
retaliate against plaintiff in response to grievances which were

---

[8] Plaintiff's request is further undermined by the fact
that the three specific prison policies which plaintiff alleges
defendants did not follow, DC-ADM policy nos. 801, 804 and 815,
were available to all inmates through a variety of sources and
that these documents were nonetheless provided to plaintiff as a
result of his discovery requests.

filed by plaintiff.

For these reasons, plaintiff's motion to compel discovery and motion to postpone consideration of defendants' motion for summary judgment is denied.

2.    Defendants' Motion for Summary Judgment.

To the extent that plaintiff's action sounds in negligence or tort, plaintiff may have remedies against the defendants under 42 Pa. C.S. § 8522(b)(3), which provides that the state has waived sovereign immunity and may have liability imposed for the care, custody or control of personal property in the control of possession of commonwealth parties and property of persons held by a commonwealth agency. However, negligence is not a cognizable claim in a section 1983 action. See Daniels v. Williams, 474 U.S. 327, 335 (1981).

As applicable to both incidents, the Supreme Court has held that due process is satisfied when the state provides adequate postdeprivation remedies following the destruction of an inmate's personal property. Hudson v. Palmer, 468 U.S. 517, 536 (1984). It is not disputed by the parties that a postdeprivation process in the form of a prison grievance system was in place and made available to plaintiff.

In Hudson, an inmate at a Virginia penal institution brought suit against a prison officer of the institution alleging that the prison officer had conducted an unreasonable "shakedown"

-8-

search of the inmate's locker and cell and had brought false
charges against the inmate and that, in violation of the inmate's
due process rights, the officer had intentionally destroyed
certain of the inmate's non-contraband personal property during
the search. Id. 519-20. Regarding the inmate's due process
claim, the Court stated:

> [W]hen deprivations of property are effected
> through random and unauthorized conduct of a
> state employee, predeprivation procedures are
> simply "impracticable" since the state cannot
> known when such deprivations will occur.  We
> can discern no logical distinction between
> negligent and intentional deprivation s of
> property insofar as the "practicability" of
> affording predeprivation process is
> concerned.   The state can no more anticipate
> and control in advance the random and
> unauthorized intentional conduct of its
> employees than it can anticipate similar
> negligent conduct.
>
> * * *
>
> If negligent deprivations of property do not
> violate the Due Process Clause because
> predeprivation process is impractiable, it
> follows that intentional deprivations do not
> violate that Clause provided, of course, that
> adequate state postdeprivation remedies are
> available.  Accordingly, we hold that an
> unauthorized intentional deprivation of
> property does not constitute a violation of
> the procedural requirements of the Due
> Process Clause of the Fourteenth Amendment if
> a meaningful postdeprivation remedy for the
> loss is available.

Id. at 533.

To the extent that plaintiff's claim rests on the contention that
defendants confiscated his property without a prior hearing, his

-9-

claims are without merit.  Whether the confiscation was the
result of negligent or intentional acts, <u>Hudson</u> holds that
plaintiff's due process rights are not violated provided that
adequate and meaningful postdeprivation process is available.

Thus, the Court finds that, absent any evidence to the
contrary, adequate and meaningful postdeprivation processes were
available to the plaintiff through the prison grievance
procedure.  The DOC prison grievance system has been recognized
by courts in this Circuit as providing adequate postdeprivation
remedies to inmates in satisfaction of the Due Process Clause.
<u>See, e.g.</u>, <u>Tillman v. Lebanon County Correctional Facility</u>, 221
F.3d 410, 422 (3d Cir. 2000)("The grievance program allowed
prisoners to complain about 'any' matter that is 'unjust' . . .[,
therefore,] the plaintiff had an adequate postdeprivation
remedy.); <u>Allah v. Al-Hafeez</u>, 208 F. Supp. 2d 520, 537 (E.D. Pa.
2002)("Because there was due process in the grievance procedures,
defendant . . . is entitled to summary judgment on this claim.").
The mere fact that plaintiff has faced some difficulty in having
his grievance heard, based on his own failure to follow proper
administrative procedure, does not demonstrate that the process
was inadequate, meaningless, or otherwise constitutionally
infirm.  Nor is there any evidence that plaintiff was in any
manner denied access to the grievance process.

At most, the evidence demonstrates that post

deprivation procedures were available to the plaintiff that
plaintiff either failed to take advantage of, or utilized, but
received an adverse response.  However, "[t]he failure of a
prison official to provide a favorable response to an inmate
grievance is not a federal constitutional violation."  <u>Gordon v.
Vaughn</u>, 1999 U.S. Dist. LEXIS 7060, at *4 (E.D. Pa. May 12,
1999)(<u>citing</u> <u>Adams v. Rice</u>, 40 F.3d 72, 74 (4th Cir. 1994), <u>cert.
denied</u>, 514 U.S. 1022 (1995)).  For these reasons, the Court
concludes that plaintiff has failed to establish the existence of
a constitutional injury actionable under section 1983.

III.  CONCLUSION

        In view of the forgoing, plaintiff's motion under
Fed. R. Civ. P. Rule 56(f) is denied.  In addition, summary
judgment is granted in favor of the defendants and against
plaintiff.[9]

_____

        [9]     As discussed, plaintiff has also alleged a violation of
his First Amendment rights, but has failed to allege any facts
that would support a violation of this right.  Plaintiff has
shown only that prison officials properly denied his grievances
for failure to follow established administrative procedures.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

```
THOMAS MCEACHIN,                  :        CIVIL ACTION
                                  :        NO. 02-4691
          Plaintiff,             :
                                  :
          v.                      :
                                  :
JEFFREY BEARD, ET AL.,            :
                                  :
          Defendants.             :
```

ORDER

**AND NOW,** this     **day of May 2004,** it is hereby

**ORDERED** that plaintiff's Rule 56(f) motion (doc. no. 30) is

**DENIED.**

It is **FURTHER ORDERED** that defendants' motion for

summary judgment (doc. no. 26) is **GRANTED.**

It is **FURTHER ORDERED** that **JUDGMENT** is **ENTERED** in favor

of defendants as to all claims.

**AND IT IS SO ORDERED.**

**EDUARDO C. ROBRENO,      J.**